HOBSON, Judge.
Plaintiff telephone company brought a. declaratory suit against defendant city alleging that defendant had removed certain cable markers or warning signs and posts, installed by plaintiff along the rights-of-way of public streets in Bradenton for the purpose of marking the location of buried telephone cables. The complaint concluded' with a prayer that plaintiff’s right to install and maintain such signs be determined' by declaratory decree and that defendant be restrained and enjoined from removingthem. A temporary restraining order was issued, and the case was ultimately heard', on the merits.
Plaintiff has operated for many years-under a certificate of convenience and necessity providing telephone service to seven counties, including defendant city. In addition to the certificate from the Public Service Commission, plaintiff’s operations-in Bradenton have been conducted pursuant to a franchise-ordinance agreement with that city. The current franchise became-effective July 26, 1961 and provides in part:
“Section 1. That the General Telephone Company of Florida, a corporation organized, existing and doing business under the laws of the State of Florida, be and' it, and its successors and assigns, are *535 hereby granted the right, privilege and franchise for the period of thirty years from the date that this ordinance goes into effect to construct, maintain and operate within the limits of the City of Bradenton as the same now exists, or may hereafter be extended, a telephone system for public and private use, to set poles, string wires and lay conduits over, along and under all the streets, alleys .and avenues of the said city, with the privilege of charging tolls, rates and hire for the use of its telephones and lines or other instruments operated in connection therewith.”
In accordance with the franchise and the ■custom in the telephone industry, plaintiff’s telephone cables and other fixtures have been installed almost exclusively along the rights-of-way of public roads and streets, .and in the defendant city virtually all of the cable is buried. Although buried cable is usually more desirable because it is hidden from view and less susceptible to damage, there are certain risks of damage involved. One is the risk of severance of the cable from excavation or digging by persons who are unaware of the cable location.
For this reason the signs in question are installed above ground for the purpose of designating the location and route of the buried cable for the benefit of anyone who might be digging trenches, etc., along the right-of-way. The markers also aid telephone repairmen in expeditious location of the cable for the purpose of maintenance or repair. The marker signs are very small, measuring 3inches by 7 inches, and are affixed to a green colored, U-shaped steel post approximately 8-12 feet long and 3]/2 inches wide. The post is installed so that the above ground height is S feet. The signs are principally installed at cable branches or changes in direction, and their proximity to each other is such that the second sign is visible from the first (usually about 600 to 800 feet apart), thus indicating the route of the cable.
By April of 1964 a total of 170 marker signs had been placed in defendant city. By letter dated March 25, 1964, defendant demanded that plaintiff remove all its cable marker signs and posts within 10 days on the ground that “* * * the same were in violation of the City’s ordinance prohibiting signs on public property.” Plaintiff’s representatives appeared before the city council in an attempt to dissuade the council, but plaintiff was instructed to remove the markers. Thereafter, without plaintiff’s permission, defendant city began removing the markers, and plaintiff instituted its suit for declaratory and injunc-tive relief.
At the hearing, defendant city called no witnesses but merely introduced into evidence an advertising sign ordinance and a stipulation that some complaints were made by citizens of Bradenton “about these sign posts being put in front of or in close proximity to their homes.” Defendant offered no evidence that the cable markers were excessive in number or that they interfered with traffic or other common uses of the public rights-of-way.
Plaintiff introduced the testimony of a professional traffic engineer who stated that the cable markers were neither excessive in number nor did they constitute a hazard or obstruction of any kind. Other testimony introduced by plaintiff was to the effect that the severance of one cable can interrupt the service of as many as 1800 subscribers at one time and that the smallest cable serves up to 100 different subscribers.
The chancellor first entered a final decree which merely dissolved the temporary restraining order. In that decree, the chancellor found that defendant city had the right to adopt reasonable regulations governing plaintiff’s conduct and that the franchise-ordinance “did not constitute an unlimited right to erect poles, posts, wires, cables and other fixtures without any right of regulation by the city.” The chancellor found further that the defendant city’s ad *536 vertising sign ordinance is applicable to plaintiff’s marker signs under Section 15(8) of that ordinance styled “exemptions” and provides as follows:
“Section 15, Exemptions. The provisions and regulations of this ordinance shall not apply to the following signs, provided, however, said signs shall be subject to the provisions of Section 10: * * *
******
“ (8) Traffic or other municipal signs, legal notices, railroad crossing signs, danger, and such temporary, emergency or non-advertising signs as may be approved by the City Council.” (emphasis added)
In referring to this provision the chancellor quoted the phrase “as may be approved by the City Council” and apparently concluded that the City Council had not approved the company’s cable markers. Therefore while not spelled out in the final decree, one is lead to the conclusion that since the markers have not been approved by the City Council they are within the purview of the ordinance and therefore the city could remove them for non-compliance with the above cited ordinance requirement. Section 10 empowers the City Building Inspector to remove “unsafe or unlawful signs” which includes any signs which are deemed to be “unsafe or insecure, or is a menace to the public, or has been constructed or erected or is being maintained in violation of the provisions of this oi'di-nance * * *”
The chancellor then entered a Supplemental Final Decree holding, among other things, that Ordinance No. 811 is valid and constitutional and is applicable to plaintiff’s signs and markers.
In its first assignment of error appellant contends that it has the right under statute, as well as its franchise from the city, to install non-obstructive cable marker signs in the public right-of-way. We agree with appellant that § 362.01, Fla.Stat., F.S.A., provides this right subject to the qualification that said fixtures must not “obstruct or interfere with the common uses of said road or highways.” Further, under Section One of the current franchise with-appellee city, appellant is specifically “granted the right, privilege and franchise * * to construct, maintain and operate * * * a telephone system * * * to set poles, string wires and lay conduits over, along and under all the streets, alleys and avenues of the said city * * *” After having carefully considered the record on appeal we hold that the chancellor erred in issuing his final decree. While it is not clear from a reading of the first paragraph of said final decree, it appears that the court held that appellant had “obstructed or interfer-red with the uses of the roads or highway” and this conclusion is not supported by the record. In fact, the appellee city failed to introduce any testimony whatsoever as to whether the signs constituted a hazard or were unreasonable in nature or number.
Secondly, the trial judge in his second paragraph apparently held that Ordinance Number 811 of the City of Braden-ton, regulating the placement and use. of advertising signs, applied to the appellant’s marker signs herein and therefore under Section 15, subparagraph 8, appellant was in violation of the law for failure to have its signs approved by the city council. We hold that when Ordinance 811 is read in its entirety with consideration given to Section Two, “Definitions,” where it states in part that “the term ‘sign’ shall mean and include every sign * * * used to advertise or promote the interests of any person * * *” it is clear that said ordinance has no applicability to the case sub judice. We hold that in this particular circumstance the marker signs are beyond the scope and purview of Ordinance 811.
Reversed and remanded for further proceedings consistent with this opinion.
SHANNON, Acting C. J., and WILLSON, J. H., Associate Judge, concur.